BENJAMIN B. WAGNER
United States Attorney
JARED C. DOLAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
MAY 1 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL T. SAHLBACH,

Defendant.

2:14 - CR - 0118 GEB
CASE NO.

VIOLATIONS: 18 U.S.C. § 1344 – Bank Fraud; 18 U.S.C. § 1343—Wire Fraud (Five Counts); 18 U.S.C. § 982(a)(2)(A) – Criminal Forfeiture

SEALED

INDICTMENT

COUNT ONE: [18 U.S.C. § 1344 – Bank Fraud]

The Grand Jury charges:

MICHAEL T. SAHLBACH,

Defendant herein, as follows:

I. Background

1. At all relevant times, defendant MICHAEL T. SAHLBACH resided in the State and Eastern District of California.

2. At all relevant times, National Credit Acceptance, Inc. ("NCA") was a California corporation owned and operated by SAHLBACH. NCA was a collection company in the business of purchasing pools of consumer debt (debt pools) from private companies at a discount and attempting to collect on the debt.

3. At all relevant times, Lender Exchange, LLC was a company controlled by the defendant. On or about August 1, 2008, the defendant, using the alias M. Hansen, registered Lenders Exchange with the California Secretary of State. The only address provided by the defendant as being associated with this company was a parking garage on Capitol Mall in Sacramento. On or about September 4, 2008, a bank account for Lender Exchange was opened at JP Morgan Chase in Denver, Colorado. The defendant was the only individual on the signature card for that account.

4. At all relevant times, Financial Systems LLC was a company controlled by the defendant. A bank account at JP Morgan Chase was opened in the name of Financial Systems LLC in Denver, Colorado on or about September 4, 2008. SAHLBACH is on the signature card for this account.

5. At all relevant times, Fidelity Financial Investments had a bank account at Bank of America that was controlled by the defendant.

6. At all relevant times, Optimum Asset Recovery had a bank account at Bank of America that was controlled by the defendant.

7. At all relevant times, Columbia Credit Services had a bank account at Bank of America that was controlled by the defendant.

8. On or about March 30, 2006, NCA entered into a credit agreement with First Bank and California Bank and Trust that extended a $25 million line of credit to NCA. The credit agreement provided that, when NCA sought credit to acquire a debt pool, 85% of the pool would be financed by First Bank, and NCA would contribute the remaining 15%.

9. At all relevant times, the deposits of First Bank were insured by the Federal Deposit Insurance Corporation and it was a financial institution within the meaning of 18 U.S.C. § 20.

II. Bank Fraud Scheme

10. Beginning on a date unknown to the Grand Jury, but no later than in or about August 1, 2008, and continuing through in or about December 4, 2008, in the State and Eastern District of California, and elsewhere, the defendant did knowingly execute a material scheme and artifice to defraud a financial institution and to obtain money, funds, credits, and other property owned by, and under the custody and control of, that financial institution, by means of materially false and fraudulent representations and promises, all in violation of Title 18, United States Code, Section 1344.

III. Manner and Means

In furtherance of the scheme, defendant SAHLBACH employed the following manner and means, among others:

11. Not later than September 24, 2008, the defendant falsely represented to First Bank that his company NCA had entered into a Loan Sale Agreement with Lenders Exchange, LLC to purchase debt pools from Lender Exchange, LLC to be serviced and collected by NCA. On at least one occasion, the defendant provided First Bank with a contract between NCA and Lender Exchange LLC indicating that NCA had purchased $2.3 million in debt pools from Lenders Exchange. In truth and in fact, Lender Exchange was controlled, at least in part, by the defendant. If First Bank had known that the defendant would maintain control of funds wired to Lender Exchange for the ostensible purpose of purchasing debt pools, First Bank would not have extended credit.

12. Based on the material false and fraudulent representations and omissions made by the defendant, First Bank wired approximately $6.8 million to Lender Exchange between on or about September 24, 2008 and on or about December 3, 2008. Approximately $1 million of those funds were purported to be defendant's 15% contribution.

13. After the funds were transferred into the Lender Exchange account, the defendant caused the funds to be transferred back into his other bank accounts. The defendant then used those funds for business expenses and to provide the 15% contribution to receive additional loans from First Bank. For example, on or about September 24, 2008, the Defendant caused a $1,575,114.38 wire transfer to be sent from First Bank to Lender Exchange. On or about September 25, 2008, $1,575,000 was wired from Lender Exchange to Financial Systems LLC. On or about November 6, 2008, $250,000 was wire transferred from Financial Systems LLC to Fidelity Financial Investments. That same day, defendant SAHLBACH received a $215,000 cashier's check from Fidelity Financial Investments and deposited the funds into the Optimum Asset Recovery account. That same day, defendant SAHLBACH received a $200,000 cashier's check from Optimum Asset Recover LLC and deposited the funds into the Columbia Credit Services, Inc. account. The next day, defendant SAHLBACH wrote a check for $190,000 out of his Columbia Credit Services, Inc. account and deposited the funds into his NCA, Inc. account at First Bank. On November 10, 2008, defendant SAHLBACH used $184,789.09 from his NCA, Inc. account

at First Bank as his 15% contribution for another debt pool purchase from Lender Exchange.

14. The funds provided by First Bank were not used to purchase debt pools from Lender Exchange in accordance with the agreement with First Bank.

15. Shortly after obtaining the last disbursement of funds to Lender Exchange from First Bank, defendant defaulted on his $25 million line of credit.

All in violation of Title 18, United States Code, Section 1344.

COUNTS TWO THROUGH SIX: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury further charges:

MICHAEL T. SAHLBACH,

Defendant herein, as follows:

1. Paragraphs 1-4 and 6-12 of Count One of this indictment are hereby incorporated by reference as if set forth in full.

2. Beginning on a date unknown, but not later than on or about August 1, 2008, and continuing through on or about December 3, 2008, in the Eastern District of California and elsewhere, the defendant devised and intended to devise a material scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, in that he falsely represented to First Bank that credit was being used to finance the purchase of debt pools to be serviced by his business, NCA, when, as the defendant well knew, the money was being sent to the Lender Exchange bank account controlled by defendant SAHLBACH, and then usually transferred to other accounts controlled by defendant SAHLBACH.

3. On or about the dates set forth below, in the State and Eastern District of California, and elsewhere, defendant SAHLBACH, for the purpose of executing and attempting to execute the aforementioned scheme, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs and signals, to wit, wire transfers from First Bank in the amounts indicated below, each wire transmission passing from First Bank's server in Saint Louis, Missouri to the server of JP Morgan Chase in Denver, Colorado, for the benefit of Lender Exchange in El Dorado Hills, California:

///

| Count | Date | Amount | Request No. |
|---|---|---|---|
| 2 | September 24, 2008 | $1,575,114.38 | 2008-32795 |
| 3 | October 1, 2008 | $952,503.64 | 2008-33558 |
| 4 | October 10, 2008 | $2,366,856.43 | 2008-34910 |
| 5 | November 10, 2008 | $1,231,927,27 | 2008-37831 |
| 6 | December 3, 2008 | $699,813.57 | 2008-40048 |

4. The above described violations affected a financial institution, that is, First Bank.

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(2)(A) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment, defendant MICHAEL T. SAHLBACH shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly, as a result of said violations, including but not limited to the following:

a) A sum of money equal to the amount of proceeds obtained directly or indirectly, as a result of such offenses, for which defendant is convicted.

2. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Six of this Indictment, for which defendant is convicted:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL

/s/ Signature on file w/AUSA

BENJAMIN B. WAGNER
United States Attorney

*No.* ___________

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

**THE UNITED STATES OF AMERICA**
*vs.*

MICHAEL T. SAHLBACH

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1344 – BANK FRAUD;
18 U.S.C. § 1343 – WIRE FRAUD;
18 U.S.C. § 982(a)(2)(A) – CRIMINAL FORFEITURE

*A true* bill, /s/ Signature on file w/AUSA

*Foreman.*

SEALED

*Filed in open court this* ______1______ *day*

*of* ___my___, *A.D. 20* 14___

*Clerk.*

NO BAIL WARRANT

*Bail, $* ______________ [signature]

GPO 863 525

2:14 - CR - 0118 GEB

AO 190 (Rev. 6/13)

**PENALTY SLIP**

MICHAEL T. SAHLBACH

| | |
|---|---|
| <u>COUNT ONE</u>: | 18 U.S.C. § 1344 – Bank Fraud<br>NMT $1,000,000 and/or<br>NMT 30 years Imprisonment, or both<br>NMT 5 years Supervised Release |
| <u>COUNT TWO THRU SIX</u>: | 18 U.S.C §1343 - Wire Fraud<br>NMT $1,000,000 and/or<br>NMT 30 years Imprisonment, or both<br>NMT 5 years Supervised Release |

PENALTY ASSESSMENT: $100 each count

SEALED

2:14-CR-0118 GEB