BUCHALTER NEMER
A Professional Corporation
JEFFREY B. KIRSCHENBAUM (SBN: 152290)
OREN BITAN (SBN: 251056)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: jkirschenbaum@buchalter.com
Email: obitan@buchalter.com

Attorneys for Subpoenaed Party First Bank

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL T. SAHLBACH,<br><br>　　　　　Defendant. | Case No. 2:14-CR-118 GEB<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN SUBPOENAED PARTY FIRST BANK AND DEFENDANT MICHAEL T. SAHLBACH** |

////

////

////

////

////

////

////

////

////

////

////

////

////

BN 19319497v2

1. PURPOSES AND LIMITATIONS

A subpoena issued by the United States District Court at the request of the defendant, Michael T. Sahlbach ("Defendant"), directed at First Bank, requires the production of documents which First Bank asserts are confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. To accommodate that claim, the parties hereby request that the court enter the following Stipulated Protective Order. The parties agree that this Order does not confer blanket protection on all disclosures or responses made by First Bank in response to the subpoenas issued by the Court and that the protection it affords from public disclosure and use extends only to the limited information or items that the bank claims are entitled to confidential treatment under applicable statute or rules. The parties further acknowledge that this Stipulated Protective Order does not entitle either of them to file confidential materials or information under seal, absent compliance with the Local Rules of Practice.

2. DEFINITIONS

2.1 Counsel: Counsel of Record for Defendant and their support staff and investigators.

2.2 Expert: a person with specialized knowledge or experience retained by the defendant or his counsel to serve as an expert witness or as a consultant in this case.

2.3 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.4 Party: Defendant Michael T. Sahlbach.

2.5 Producing Party: First Bank.

2.6 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

BN 19319497v2

and their employees and subcontractors.

2.7 Protected Material:

The items described below are defined as the "Protected Material":

a. A 2009 Combined Report of Inspection and Examination of Commercial Banking Activity, cover page and relevant portions of pages 61-62.

b. A 2-page memorandum, dated January 22, 2007, from W.G. Nelle, Jr., Senior Vice President, to Dave Greiner, Regional President, subject: San Francisco Commercial Banking Unit; names of customers other than National Credit Acceptance and Michael Sahlbach redacted.

c. A 6-page memorandum, dated April 2, 2007, from W.G. Nelle, Jr., Senior Vice President, to Dave Greiner, Regional President, subject: San Francisco Commercial Banking Unit – Strategy/Business Plan; names of customers other than National Credit Acceptance and Michael Sahlbach redacted.

d. A 3-page employee self-evaluation, name: Eva Cheung, rating period from: 1/1/2008 to 12/31/2008; names of customers other than National Credit Acceptance and Michael Sahlbach redacted.

2.8 Receiving Party: a Party that receives Protected Material.

3. GOOD CAUSE

The Defendant and First Bank stipulate that that good cause exists for the issuance of a protective order for the Protected Material by reason of the fact that First Bank asserts that each item of Protected Material contains highly sensitive financial information concerning First Bank's internal operations, and business methods and strategies, from which competitors of First Bank could gain a competitive advantage. Item (a) is a confidential examination report owned by the Federal Reserve; First Bank has obtained permission from the Office of the General Counsel of the Federal Reserve to produce Item (a) only upon the entry of a stipulated protective order, limiting the use of Item (a) to this action. Items (b) and

(c) are memorandum concerning First Bank's business model, business unit performance, and strategic plan. Item (d) is an employee self-evaluation which the author, an employee of First Bank, prepared with the belief that it would not be disclosed to persons outside of First Bank; good cause exists for the protection of this document, contained in an employee's personnel file.

4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

5. DURATION

The confidentiality obligations imposed by this Order shall remain in effect after final disposition of this case unless First Bank agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of the referenced case, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. The Receiving Party may use Protected Material in connection with this case only for the purposes of the litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of the section below entitled "FINAL DISPOSITION."

///

4

Protected Material must be maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the defendant is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as the Protected Material the defendant must:

(a) promptly notify First Bank's counsel in writing and provide a copy of the subpoena or court order;

(b) notify the party who caused the subpoena or order to issue in the other litigation in writing that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures employed by First Bank to further protect the Protected Material.

If First Bank timely seeks a protective order, the defendant shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained First Bank's permission. First Bank shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging the Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If the defendant learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the defendant must immediately (a) notify First Bank in writing, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

BN 19319497v2

inform the person or persons to whom disclosures were made of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. MISCELLANEOUS

9.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

9.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing Protected Material. Protected Material may only be filed in the public record in this action under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

10. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, the defendant must return all Protected Material to First Bank's counsel or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the defendant must submit a letter to First bank's counsel affirming that the materials have been returned or destroyed and no copies have been retained. Counsel, however, are entitled to retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in the section of this order entitled "DURATION."

///

BN 19319497v2

IT IS SO STIPULATED,

DATED: October 16, 2015          /s/ MALCOLM SEGAL
                                            SEGAL & ASSOCIATES, PC
                                            By MALCOLM SEGAL
                                            Attorneys for
                                            MICHAEL T. SAHLBACH


DATED: October 16, 2015          BUCHALTER NEMER
                                            A Professional Corporation


                                          By: /s/ - JEFFREY B. KIRSCHENBAUM
                                                   JEFFREY B. KIRSCHENBAUM
                                                         OREN BITAN
                                                Attorneys for FIRST BANK

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 20, 2015

                                          _____
                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

BN 19319497v2

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *United States of America v. Michael T. Sahlbach*, Case No. 2:14-CR-118 GEB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I will employ my best reasonable efforts to prevent disclosure of, in any manner, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

BN 19319497v2